UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH TAYLOR,

              Plaintiff,

v.                                                 3:11-CV-0411
                                                       (GTS/VEB)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LACHMAN & GORTON                     PETER A. GORTON, ESQ.
  Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION     ANDREEA L. LECHLEITNER, ESQ.
OFFICE OF REG. GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action filed by Keith Taylor ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are the following: (1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 13); (2) Defendant's motion for judgment on the pleadings (Dkt. No. 15); (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court recommending that Defendant's motion be granted, Plaintiff's motion be denied, and

this action be dismissed in its entirety (Dkt. No. 17); and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 18).  For the reasons set forth below, Magistrate Judge Bianchini's Report-Recommendations is accepted and adopted in its entirety.

I.      RELEVANT BACKGROUND

     A.      Procedural History

In Part II of his Report-Recommendation, Magistrate Judge Bianchini correctly describes the procedural background of the action.  (Dkt. No. 17, at Part II)  Furthermore, Plaintiff has not specifically objected to that description.  (Dkt. No. 18.)  As a result, this description is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.  The Court adds only the following brief summary of that description.

On March 12, 2007, Plaintiff applied for Social Security Insurance ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act alleging a disability onset date of May 17, 2005.  (*See* Administrative Transcript ["T."] at 85-94.)  Plaintiff's application was initially denied by the Social Security Administration.  Thereafter, Plaintiff appealed the decision and on July 10, 2009, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 28.)  On December 18, 2009, the ALJ issued his decision denying Plaintiff's application for benefits.  (T. at 6-27.)  On March 4, 2011, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of Defendant.  (T. at 1-3.)  On April 14, 2011, Plaintiff commenced this action in federal court.  (Dkt. No. 1.)

     B.      Parties' Motion Arguments

Generally, in his motion for judgment on the pleadings, Plaintiff asserts the following five arguments: (1) the ALJ erred by finding Plaintiff's lumber degenerative disc disease, bilateral degenerative knee joint condition, asthma, peripheral vascular disease, and diabetes to

be non-severe impairments (Dkt. No. 13 at Part I); (2) the ALJ erred by failing to consider the combined effects of Plaintiff's impairments and in failing to consider whether Plaintiff's severe degenerative disc disease and bilateral knee joint pain met or equaled Sections 1.02 and/or 1.04 of the Listings; (*id*. at Part II); (3) the ALJ erred in failing to develop the record by failing to obtain the treating provider's opinions and/or failing to obtain a consultative orthopedic exam (*id*. at Part III); (4) the ALJ erred in his determination of Plaintiff's residual functional capacity ("RFC") (*id*. at Part IV); and (5) the ALJ erred in assessing the credibility of Plaintiff, who was unrepresented during the hearing (*id*. at Part V).

Generally, in his motion for judgment on the pleadings, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed. (*See generally* Dkt. No. 15.)

  **C.**  **Magistrate Judge Bianchini's Report-Recommendation**

On July 20, 2012, Magistrate Judge Bianchini issued a Report-Recommendation recommending that Defendant's decision denying Plaintiff Social Security benefits be affirmed and the Complaint be dismissed. (Dkt. No. 17, at Part III.B.) Generally, in support of his recommendation, Magistrate Judge Bianchini found as follows: (1) the ALJ correctly determined, based on substantial record evidence, that Plaintiff's above-referenced impairments were non-severe; (2) the ALJ properly considered the combined effects of Plaintiff's impairments, and correctly determined, based on substantial evidence, that Plaintiff's degenerative disc disease and bilateral knee joint pain met or equaled Sections 1.02 and/or 1.04 of the Listings; (3) the ALJ properly exercised his discretion in finding that further development of the record was unnecessary; (4) the ALJ's RFC assessment was supported by substantial

evidence; and (5) the ALJ properly exercised his discretion to evaluate Plaintiff's credibility, and rendered an independent judgment regarding the extent of Plaintiff's subjective complaints based on the objective medical and other evidence.  (*Id*. at Part III.B.)

### D. Plaintiff's Objections to the Report-Recommendation

On July 23, 2012, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 18.)  In his Objections, Plaintiff repeats the same arguments asserted in his brief in support of his motion for judgment on the pleadings.  (*Compare* Dkt. No. 18 [Plf.'s Obj.] *with* Dkt. No. 13 [Plf.'s Brief].)  Indeed, Plaintiff acknowledges this fact, beginning by stating, "Plaintiff hereby objects to the Report and Recommendation and alleges initially, of course, the same argument set forth in the Plaintiff's brief." (Dkt. No. 18, at 1.)

More specifically, the bulk of Plaintiff's Objection repeats his argument that the ALJ erred by finding Plaintiff's lumber degenerative disc disease, bilateral degenerative knee joint condition, asthma, peripheral vascular disease, and diabetes to be non-severe impairments.  (Dkt. No. 18, at 1-3.)  For example, in doing so, Plaintiff expressly cites page 7 and 5 of his underlying brief.  (*Id*. at 1-2.)

Plaintiff concludes his Objection by attempting to incorporate by reference the "other issues raised by the Plaintiff" in his underlying brief.  (*Id*. at 3.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition.³ Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.⁴ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*⁵

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

³ *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

⁴ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁵ *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

   **B.**  **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly recites the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 17, at Part III.A.)  Furthermore, Plaintiff has not specifically objected to that recitation.  (Dkt. No. 18.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.** **ANALYSIS**

As explained above in Part I.D. of this Decision and Order, Plaintiff's Objections merely reiterate the same arguments that he made in his brief in support of his motion for judgment on the pleadings.  As explained above in Part II.A. of this Decision and Order, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that report-recommendation to only a clear error review.  As a result, the Court need review Magistrate Judge Bianchini's Report-Recommendation only for clear error.

After reviewing all of the papers in this action, the Court concludes that Magistrate Judge Bianchini's Report-Recommendation is free of clear error.  (Dkt. No. 17.)  Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id.*)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.  (*Id.*)  The Court would only add that, even if it were to subject Magistrate Judge Bianchini's Report-Recommendation to a *de novo* review, that thorough and correct Report-Recommendation would survive such a review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 26, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge